UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN FLOYD ULLRICH,<br><br>                  Plaintiff,<br><br>vs.<br><br>IDAHO SUPREME COURT, IDAHO COURT OF APPEALS, THIRD DISTRICT COURT OF IDAHO, FOURTH DISTRICT COURT OF IDAHO, IDAHO STATE BAR, and IDAHO JUDICIAL COUNCIL, CANYON COUNTY PUBLIC DEENDERS, CANYON COUNTY PROSECUTORS OFFICE, IDAHO PUBLIC DEFENCE COMMISSION, and IDAHO PAROLE COMMISSION.<br><br>                  Defendants. | Case No. 1:19-cv-00500-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      The Complaint of Plaintiff Stephen Floyd Ullrich was conditionally filed by the Clerk of Court. Dkt. 3. Plaintiff is an Idaho Department of Correction (IDOC) prisoner and pauper who has accumulated three strikes under 28 U.S.C. § 1915(g) for filing complaints that are frivolous or fail to state a claim upon which relief can be granted. Therefore, the law prevents him from proceeding in forma pauperis unless he shows that he is "under imminent danger of serious physical injury." *Id*.

      In addition, the Court is required to review complaints filed in forma pauperis and those filed by prisoners seeking relief against a governmental entity or office to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(e)(2)(B), 1915A(b).

Having reviewed the record, the Court enters the following Order dismissing Plaintiff's Complaint and denying his accompanying motions.

## REVIEW OF COMPLAINT

Plaintiff is serving a criminal sentence with the Idaho Department of Correction for a sex crime. He brings claims under the Americans with Disabilities Act (ADA).[1] He alleges that he is a qualified individual with a "disability dual diagnosis—physical and psychological." Dkt. 3, p. 2. He asserts that he made requests of Defendants—all government entities and officials—for accommodations as a disabled individual, and that Defendants have failed to comply with his clearly-established constitutional rights. *Id*., pp. 2-3.

Plaintiff alleges that Defendants have a "common scheme and plan" amounting to "an actual frustrating, hindering, and chilling, of reasonable means to speak communicate and petition for a redress of grievances in administrative and judicial capacity." *Id*., p. 4. Plaintiff further alleges that "[t]he disabled person, <per se>, is ostracized from administrative and judicial redress and relief because he/she is disabled." Dkt. 3-1, p. 5 (verbatim). He further asserts that "[t]he violations of a disabled individual'[s] rights can occur for two reasons, 1998 - ongoing, when the disabled individual does not have access

---

[1] Americans with Disabilities Act of 1990, § 1, *et seq*, as amended, 42 U.S.C. § 12101, *et seq*. (Title I), § 12132, *et seq*. (Title II).

to an administrative grievance process; and subsequently the state does not provide reasonable access to courts." Dkt. 9, p. 5.

Plaintiff explains that the Canyon County Jail did not provide him with reasonable access, an advocate or mental health provider to help him understand his rights, or a designated employee to assist in filing court documents when he was housed there some years ago. He asserts that these alleged constitutional violations began in 1998 and are ongoing. He cites the follow entities as further examples of government entities that have violated his constitutional rights in a similar manner: "Fourth District Court; Idaho Court of Appeals; Idaho Supreme Court; Idaho State Bar; Idaho Judicial Council; Idaho Board of Corrections; Idaho Department of Corrections; Idaho Department of Corrections; Idaho Department of Health and Welfare; Idaho Commission on Pardons and Parole; Idaho Public Defence Commission; Idaho State Attorney General's Office; (et seq.)." *Id*., p. 8 (verbatim). Plaintiff asserts that there should be an alternative means of dispute resolution, because the current manner of limiting his filings because of frequent filer rules has "ostracized" him from state and country avenues of redress, including administrative and judicial routes. *Id*., p. 9.

Plaintiff alleges that his requests for access to the courts were solely related to his disability, and that his ADA rights were violated by Defendants' failure to provide access. To state a claim of disability discrimination under Title II, a plaintiff must allege four elements: (1) he has a disability as defined by statute; (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

services or was otherwise discriminated against by the public entity; and (4) such exclusion, denial, or discrimination was because of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

These claims duplicates claims Plaintiff has filed before. In essence, Plaintiff believes that the United States Constitution and the ADA permit him to file endless petitions challenging his 1999 state court conviction, and that not allowing him that "right" is a violation of his federal rights. The Court previously reviewed Plaintiff's claims in great detail in the context of the continuing June 28, 2010, Fourth Judicial District Court of Idaho permanent injunction against him ordering him to cease any filings and any pursuit of pro se actions or motions of any kind arising from or related to his 1999 criminal conviction. *See Ullrich v. State of Idaho Judicial Department*, 1:17-cv-00485-DCN ("Case 485"), Dkt. 16-1, p. 16 (State Case No. CV-OC-0917790). This Court's review of the state court permanent injunction took placed in Case 485. In that action, the Court reviewed whether Plaintiff was being denied indigent status in the state court system in an unconstitutional manner. After reviewing the register of actions in several of Plaintiff's state cases, the Court was satisfied that the state courts carefully screen Plaintiff's cases and have not applied the injunction in wholesale fashion to Plaintiff's recent cases.

The Court also noted in Case 485 that Plaintiff has had many opportunities to show that he should be entitled to application of an exception to have his claims heard in federal court. He has not qualified for those exceptions, and Plaintiff cannot continue to attempt to litigate the same issue over and over again in state or in federal court, especially given his status as a three-strikes litigant.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

In Case 485, Plaintiff was denied leave to file a second amended complaint because he did not show that he qualified for the imminent danger exception to 42 U.S.C. § 1915(g)). In this action, Plaintiff again has failed to show that he qualifies for the imminent danger exception by attempting to challenge his "right" to file another case related to his 1999 conviction. The Court carefully considered Plaintiff's access to courts and due process rights in Case 485. There, and here, Plaintiff has provided insufficient facts showing that (1) the state courts have violated his due process rights by reviewing his filings to determine whether he has an emergent need and subsequently rejecting them if he does not; (2) he is not simply trying to challenge his 1999 conviction again, and (3) he has not been able to access the state or federal courts (or the prison administrative grievance system) to bring a claim showing that he is in imminent danger of serious physical injury.

## CONCLUSION

Plaintiff's claims are without a legal and factual basis and are subject to dismissal. Amendment would be futile. Plaintiff has not stated any facts that would qualify his case as one of imminent danger to excuse application of the three strikes rule. The Court again reminds Plaintiff that, should he have a particular serious physical, medical, or mental health need, he must first use the prison grievance system to address that issue.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Petition for Permission to Proceed (Dkt. 7) is DENIED.

2. Plaintiff's Pre-Disclosure Request (Dkt. 6) is DENIED.

3. Petitioner's Motion to Appoint Counsel (Dkt. 5) is DENIED.

4. The Complaint (Dkt. 3) and this entire action are DISMISSED.

5. Nothing further shall be filed in this closed case.

DATED: April 22, 2020

David C. Nye
Chief U.S. District Court Judge