UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN FLOYD ULLRICH, | |
| Plaintiff, | Case No. 1:19-cv-00500-DCN |
| vs. | **ORDER ON ALL PENDING MOTIONS** |
| IDAHO SUPREME COURT, IDAHO COURT OF APPEALS, THIRD DISTRICT COURT OF IDAHO, FOURTH DISTRICT COURT OF IDAHO, IDAHO STATE BAR, and IDAHO JUDICIAL COUNCIL, CANYON COUNTY PUBLIC DEENDERS, CANYON COUNTY PROSECUTORS OFFICE, IDAHO PUBLIC DEFENCE COMMISSION, and IDAHO PAROLE COMMISSION. | |
| Defendants. | |

On April 22, 2020, the Court issued an Initial Review Order dismissing this case and ordering that nothing further should be filed in this closed case ("Case 500"). Dkt. 11. Since then, Plaintiff Stephen Ullrich has filed various motions, including a "Motion for Reconsideration" and a "Petition for an Expedited Writ of Mandamus." *See* Dkts. 12 through 17.

Plaintiff, a prisoner and pauper, has accumulated three strikes under 28 U.S.C. § 1915(g) for filing complaints that are frivolous or fail to state a claim upon which relief can be granted. Therefore, he is not permitted to proceed in forma pauperis unless he shows that he is "under imminent danger of serious physical injury." *Id*. In addition, this Court

ORDER ON ALL PENDING MOTIONS - 1

issued a pre-filing review order, designated a "Litigation Management Order" on June 19, 2020, requiring Plaintiff to file a three-page "Request for Authorization for Filing," for each new legal action he desires to file in this Court. This Order was deemed necessary to conserve judicial resources that are required to review Plaintiff's filings, because so many of them have been repetitious and frivolous. *See* Case No. 1:20-cv-00035-DCN, Dkt. 2 ("Case 35").

The Court now reviews Plaintiff's motions and supporting documents.

## MOTION FOR REASSIGNMENT

Plaintiff requests that this entire case be reassigned to United States District Judge B. Lynn Winmill, who has familiarity with Plaintiff's claims. Dkt. 12. Plaintiff asserts that he is entitled to a reassignment once as a matter of course. Plaintiff is confusing state court procedures with federal court procedures. Civil litigants are *not* free to request reassignment among federal district judges for no reason at all. However, reassignment can be requested to consolidate cases for judicial economy.

Here, Plaintiff has filed so many actions on the same subject matter that all of the judges in the District of Idaho are equally familiar with Plaintiff's cases. This Court, in particular, has reviewed Plaintiff's previous claims in great detail in this case and in several of Plaintiff's other cases. Therefore, the motion for reassignment will be denied.

## BACKGROUND

Plaintiff is serving a criminal sentence with the Idaho Department of Correction for a sex crime. His Complaint contains claims brought under the Americans with Disabilities

ORDER ON ALL PENDING MOTIONS - 2

Act (ADA).[1] He asserts that, beginning in 1998, the following entities failed to provide him with reasonable access to the courts, an advocate, a mental health provider to help him understand his rights, or a designated employee to assist in filing court documents: the Canyon County Jail, the Fourth District Court, the Idaho Court of Appeals, the Idaho Supreme Court, the Idaho State Bar, the Idaho Judicial Council, the Idaho Board of Correction, the Idaho Department of Correction, the Idaho Department of Health and Welfare, the Idaho Commission of Pardons and Parole, the Idaho Public Defense Commission, and the Idaho State Attorney General's Office. Dkt. 3, p. 8.

In the Initial Review Order, the Court determined that these claims duplicated claims Plaintiff has filed before. For example, in *Ullrich v. State of Idaho Judicial Department*, 1:17-cv-00485-DCN ("Case 485"), this Court reviewed Plaintiff's claims in great detail. *See* Dkt. 16-1, p. 16 in Case 485. The Court reviewed the state court's continuing June 28, 2010 permanent injunction entered against him, ordering him to cease any filings of any kind arising from or related to his 1999 criminal conviction. In Case 485, the Court reviewed whether Plaintiff was being denied indigent status in the state court system in an unconstitutional manner. After reviewing the register of actions in several of Plaintiff's state cases, the Court was satisfied that the state courts carefully screen Plaintiff's cases and have not applied the injunction in wholesale fashion to Plaintiff's recent cases.

---

[1]     Americans with Disabilities Act of 1990, § 1, *et seq*, as amended, 42 U.S.C. § 12101, *et seq*. (Title I), § 12132, *et seq*. (Title II).

This Court also noted in Case 485 that Plaintiff has had many opportunities to show that he should be entitled to application of an exception to have his claims heard in state and federal court. He did not qualify for those exceptions. The Court determined that no further opportunities to review his conviction and sentence are available to him. Thus, in Case 35, Case 485, and this case (Case 500), Plaintiff brought the same or similar claims, and the Court thoroughly reviewed them and determined that neither the law nor equity permit him to proceed. The Court now considers Plaintiff's Motion to Reconsider.

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff's Complaint in this action (Case 500) was dismissed, but he filed his motion to reconsider the dismissal order before judgment was entered. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal citation omitted). In addition to the Court's inherent power to modify an order, Federal Rule of Civil Procedure 54(b) authorizes a district court to revise an order "at any time before entry of a judgment adjudicating all the claims." For example, on reconsideration, courts may correct "simple mistakes," as well as alter "decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *U.S. v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

In his Motion for Reconsideration, Plaintiff does not point to material mistakes in the Court's reasoning or shifting precedent that would require a different result; he simply disagrees with the Court's analysis. He continues to assert that he has been neglected and

abused as a disabled person since 1998, and, therefore, he should be permitted to challenge his decades-old conviction. Plaintiff has been instructed not to continue to try to disguise claims that challenge his conviction and sentence as claims of "imminent danger" to his health and safety. He has also been instructed to cease filing any and all types of pleadings asserting that he should have been civilly committed and not incarcerated.

As noted above, the Court has reviewed Plaintiff's state and federal court pleadings, along with the court orders rejecting Plaintiff's claims. While he was not able to have the merits of his claims reviewed by the federal court because of procedural missteps, the federal courts have, nevertheless, reviewed his case multiple times to see if any exception would permit the Court to hear his claims. However, Plaintiff did not show cause and prejudice for the default of his claims, nor did he show that he was actually innocent. Plaintiff was granted a certificate of appealability in his case, and the United States Court of Appeals for the Ninth Circuit upheld dismissal of Plaintiff's habeas corpus case. *See* Case 1:01-cv-00558-LMB, *Ullrich v. Sonnen* ("Case 558"). Whether Petitioner filed a petition for a writ of certiorari with the United States Supreme Court or chose not to in that case, Plaintiff has had full review of his claims, and no additional review is available.

Plaintiff has mischaracterized the Court as being "angry" with him. That is not the case. In the face of Plaintiff's continued efforts to attempt to gain unavailable judicial review by filing repetitive and frivolous actions, the Court must fulfill its duty to society to limit Plaintiff's infringement on scarce public judicial resources. The state courts, as well, have similar duties and have properly limited Plaintiff's ability to continue to gain additional review of his conviction and sentence when no such review is available. Because

Plaintiff's Motion for Reconsideration is without merit, it will be denied.

## PLAINTIFF'S MOTIONS SEEKING MANDAMUS RELIEF

Plaintiff has filed the same "Petition for Expedited Permission to File for Expedited Action for Declaratory and Injunctive Remedy" and his "Petition for an Expedited Writ of Mandamus" in this action *and* in Case No. 1:19-cv-00120-BLW ("Case 120"). The content of these motions is unrelated to the subject matter of the Complaint in this case.

Plaintiff asserts that, in 2012, the Court declared that the prison medical provider, Corizon Health Services, unreasonably took away Plaintiff's wheelchair, as part of an injunctive relief order in *Balla v. Idaho Board of Correction,* Case No. 1:81-cv-01165-BLW, a prisoner class action lawsuit filed in 1981 and terminated in 2020. The allegations related to *Balla* should have been litigated in that case in 2012.

Plaintiff also seems to be asserting that medical staff recently have taken his wheelchair away again. If that is the case, he must exhaust his administrative remedies through the prison grievance system. If he receives no relief, he can then file a "Request for Authorization for Filing." *See* Case No. 1:20-cv-00035-DCN, Dkt. 2. However, any such claim about his wheelchair must not include allegations about civil commitment, the procedural default of his habeas corpus action, or any other claims that have already been litigated or rejected by the federal court.

Plaintiff cannot proceed here on his wheelchair claim because it is unrelated to the claims in his Complaint, which are about access to the courts. *See* Dkt. 3. A federal district court's "equitable power lies only over the merits of the case or controversy before it," and, as a result, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the

complaint, the court does not have the authority to issue an injunction." *Pacific Radiation Oncology v. Queen's Medical Center*, 810 F.3d 631, 633 (2015). Importantly, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Where a preliminary injunction complains of a set of facts distinct from those in the complaint, a preliminary injunction is inappropriate. *LeBoeuf, Lamb, Greene & MacRae, LLP. v. Abraham*, 180 F.Supp.2d 65, 69-70 (D.D.C. 2001) (motion for preliminary injunctive relief is denied where the complaint involves facts, legal issues, and parties different from those presented in the motion). For the foregoing reasons Plaintiff's motions will be denied without prejudice.

## ORDER

**IT IS ORDERED:**

1. The Petition for Permission to File a Motion for Reconsideration (Dkt. 13) is GRANTED regarding the filing of the Motion for Reconsideration at Docket 14, and the Motion for Reconsideration itself (Dkt. 14) is DENIED.

2. The Motion for Reassignment (Dkt. 12) is DENIED.

3. The Petition for Expedited Permission to File for Expedited Action for Declaratory and Injunctive Remedy (Dkt. 16) is DENIED.

4. The Petition for Expedited Writ of Mandamus (Dkt. 17) is DENIED without prejudice as to current claims regarding Plaintiff's wheelchair; it is DENIED with prejudice as to all claims regarding Plaintiff's wheelchair arising more than two

ORDER ON ALL PENDING MOTIONS - 7

years prior to May 14, 2020, the day he filed the Petition for Expedited Writ of Mandamus.

5.  Plaintiff shall not file anything further in this closed case.

DATED: September 3, 2020

David C. Nye
Chief U.S. District Court Judge